EL PUEBLO DE PUERTO RICO, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. DANIEL LÓPEZ PRITCHARD, JUEZ, demandado.

*Número:* C-63-98     *Resuelto:* 30 de junio de 1965

*Hiram R. Cancio, Secretario de Justicia, J. B. Fernández Badillo, Procurador General, y Nilita Vientós Gastón, Procuradora General Auxiliar,* abogados del peticionario; *Robert H. Rout,* abogado de la Eagle Broadcasting Corporation, interventora; *Manuel Abréu Castillo,* abogado del Colegio de Abogados, *amicus curiae; W. H. Beckerleg, amicus curiae.*

EL JUEZ PRESIDENTE SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del Tribunal.

La cuestión que presenta este recurso no es tanto la de en qué idioma debe conducirse un proceso en nuestros tribunales de justicia contra un acusado que no conozca bien el idioma español, como la de si un abogado admitido a ejercer en Puerto Rico, que no domina suficientemente nuestro idioma, tiene derecho a exigir que los procedimientos se conduzcan en el idioma inglés.

Se trata, según la acusación, de una corporación puertorriqueña, organizada bajo la Ley General de Corporaciones de Puerto Rico, aprobada el 9 de enero de 1956, que dejó de radicar en determinada fecha con el Secretario de Hacienda, según requisito de ley, el informe anual correspondiente al año 1961 conteniendo un balance general de la condición económica de la corporación, y otros datos, incluyendo un estado de sus ganancias y pérdidas durante dicho año. Su representación legal la asumió el abogado Robert H. Rout, quien luego de algunas posposiciones, al comparecer en una ocasión para la celebración del juicio manifestó "no estar preparado para ver el caso en español".(¹) El Juez de instancia consideró que "en vista del planteamiento hecho por el abogado defensor, debe determinarse en forma definitiva si

---

(¹) Minuta del día 19 de agosto de 1963.

tiene o no facultad el tribunal para ordenar que el caso se lleve en castellano". En otra ocasión el abogado Rout, también representante legal de otras tres corporaciones igualmente acusadas, retiró su solicitud de que los procedimientos contra dichas tres corporaciones se condujeran en inglés "por haber éstas contratado los servicios de un abogado adicional para unirse a la defensa y así se verán sus casos en el idioma español." (²)

Luego de memoranda del abogado defensor y del fiscal la cuestión fue resuelta en corte abierta, (³) haciendo el magistrado y los letrados extensas manifestaciones, de las que estimamos pertinente trascribir las siguientes:

"LA CORTE: Está presente la acusada y su abogado en este caso y el Ministerio Público. Recordarán las partes que se llamó originalmente este caso en unión a los casos de Franciscus Real Estate Co. and Associates, Inc., First Property Management, Inc. y el Yunque Estates, Inc. Los casos se llamaron originalmente el día 19 de agosto de 1963, compareciendo el Licdo. Rout, en representación de las cuatro corporaciones y expresó *que no estaba preparado para ver estos casos en el idioma español, debido a que no tenía conocimientos suficientes del idioma español para que se celebrara la vista en el idioma español.* El señor Fiscal se opuso y en dicho día, considerando que el taquígrafo en sala no estaba en condiciones de tomar el récord taquigráfico en el idioma inglés, y considerando el punto interesante que estaba levantando el abogado de la defensa, el tribunal le concedió hasta el día 29 de agosto de 1963 para radicar un memorándum de autoridades y al Fiscal hasta el día 6 de septiembre para replicar, quedando el caso señalado para continuación de la vista y discusión *de la moción para que este caso se viera en el idioma inglés* para el día 9 de septiembre de 1963.

"En dicho día, debido a que las partes no habían podido radicar sus memorandums dentro del término fijado a cada uno respectivamente, se señaló para el día 12 de septiembre de 1963 la vista y discusión *de la petición del abogado de la defensa de que se le autorizara llevar los procedimientos en el idioma inglés.*

---

(²) Minuta del día 30 de septiembre de 1963.

(³) Récord taquigráfico de la vista del día 7 de octubre de 1963.

El día 12 de septiembre de 1963 comparecieron las acusadas representadas por su abogado, el compañero Robert M. Rout y el Ministerio Público representado por el Fiscal Carlos Noriega, y debido a que el Fiscal no se encontraba listo para discutirla en dicho día, haciendo una exposición oral ampliando los fundamentos expuestos en su memorándum, se suspendió la vista y discusión de la moción para el 24 de septiembre de 1963. En dicho día se solicitó del Juez Administrador de lo Civil, César Bobonis, para que asignara a esta sala al taquígrafo Carmelo Pérez, quien de acuerdo con la información obtenida por el tribunal, era el único taquígrafo en la zona metropolitana con conocimientos suficientes para poder tomar procedimientos en el idioma inglés, de ser necesario, y se pospuso la vista para el día 30 de septiembre, 1963.

"El día 30 de septiembre de 1963 se llamaron estos casos nuevamente para vista y discusión de la moción y para la vista en su fondo, de ser necesaria. Compareció el Licdo. Rout y el Ministerio Público y manifestaron estar listas las partes, listas para la vista y discusión de la petición del compañero Rout. El compañero Rout manifestó que retiraba de su petición a la Franciscus Real Estate, la First Mortgage Management y al Yunque Estates, Inc., a solicitud de dichas acusadas expresando que para la vista de esos casos él utilizaría los servicios de un compañero abogado que se uniría a él en la vista. Sin embargo sostuvo su petición en cuanto al caso de Eagle Broadcasting Corporation.

"Ante esta situación las partes manifestaron estar listas para la vista y discusión *de la petición de que se viera el caso en el idioma inglés,* y ambas partes hicieron una exposición extensa de sus respectivos puntos de vista, quedando pendiente por parte del tribunal emitir su fallo en el día de hoy.

"El tribunal ha examinado detenidamente los alegatos presentados por las partes, ha hecho su propio estudio en cuanto a la disposición de ley, y ha encontrado que en la vista celebrada aclararon varios puntos que se expresan y desarrollan en los respectivos alegatos de las partes.

"Para resolver esta moción el tribunal *ha tomado en consideración los problemas administrativos que puede representar a la administración de la justicia esta moción.*

"Del tribunal *sostener la petición del compañero de la defensa implicaría casi una paralización en los procedimientos judiciales.*

"En primer lugar, a los taquígrafos no se les requiere que dominen el idioma inglés para poder actuar como taquígrafos. En segundo lugar, implicaría la necesidad de una traducción de casi todos los procedimientos del inglés al español y del español al inglés, ya que el Ministerio Público se dirigiría al tribunal en español, la defensa se dirigiría al tribunal en inglés, o vice versa, y crearía grandes complicaciones, *particularmente para las damas y caballeros del jurado que sólo se les requiere por ley saber escribir y hablar el idioma español pero no el idioma inglés.* No vemos cómo se puede hacer una adecuada justicia en la interpretación que pueda dar un intérprete a las manifestaciones de las partes que no sean llevadas a las damas y caballeros del jurado en el mismo sentir, las mismas inflexiones de la voz, distintas inflexiones de voz que conllevan distintos pensamientos que al traducirse se pierden sustancialmente una gran parte del sentido con que se dicen las palabras.

"Sin embargo el tribunal, a pesar de todos estos hechos, *se encuentra que la disposición de ley es clara y terminante.* Dice la sección 5 del Título I de las Leyes de Puerto Rico Anotadas, que en todos los departamentos del gobierno estatal, *en todos los tribunales de esta isla* y en todas las oficinas públicas *se emplearán indistintamente los idiomas inglés y español.*

"Hemos tratado de encontrar alguna justificación legislativa por la cual *en la sección quinta* de la ley del 21 de febrero de 1902, conocida como la Ley del Idioma, que es la sección 55 del Título I de las Leyes de Puerto Rico Anotadas, *hemos tratado de investigar por qué no se hizo aplicable esta ley a los tribunales municipales* u oficinas de ninguna municipalidad. Debido a nuestro limitado tiempo no hemos podido encontrar información alguna, *por lo que sólo podemos asumir que el legislador tuvo en mente esta excepción debido a las innumerables dificultades que eso representaría.* Sin embargo tenemos que tomar en consideración que esta legislación se aprobó en el año 1902, recién terminado el régimen militar que existía en Puerto Rico para esa fecha. *No tenemos evidencia alguna de que la intención legislativa era que ambos idiomas fueran usados indistintamente.* No es la misión del tribunal legislar sino meramente interpretar nuestra legislación. Si a pesar de las enmiendas que se han dado en la isla de Puerto Rico la legislatura de Puerto Rico no ha considerado que debe enmendarse esta disposición de ley, a pesar de que el tri-

bunal tiene conocimiento del gran número de abogados que hay en la legislatura de Puerto Rico, y ellos deberán conocer esta disposición de ley; si la legislatura no ha decidido, por razón de índoles diversas enmendar esta disposición de ley, sólo podemos aplicar la misma tal y como ha sido enactada.

"*Simpatizamos grandemente con la posición del Ministerio Público.* Creemos que ha hecho un magnífico enfoque de esta situación. *En nuestra posición de juez administrador comprendemos que esta resolución va a traer innumerables dificultades administrativas.* Sinceramente simpatizamos con la posición asumida por el Ministerio Público *porque creemos que así debe ser,* pero no siempre podemos en estos casos dejarnos llevar por nuestra simpatía. La ley es clara y así tenemos que aplicarla, por lo que *el tribunal declara con lugar la petición del compañero Rout en este caso.* Considerando que el compañero no tiene el dominio del idioma español, el tribunal va a hacer un breve resumen de nuestra resolución para su información.

"Attorney Rout, the court has just stated that we have made a detailed study of your memorandum of law and authorities, and also of the one submitted by the District Attorney in this particular case. We feel that *the conclusion that we have reached will create a very difficult problem for the administration of justice,* for various reasons we don't have the evidence, the person, we don't have the contact between the attorney and the jurors in case of trial by jury, and lots of points of fact will be lost, because when you have a translator we don't have the faithful alterations of the voice where the point is made or has been submitted personally.

"We sympathize with the District Attorney that all proceedings should be in Spanish. However it is felt by the court that since this law was approved in 1902 when we still had at the time when the military government had finished we had no doubt that the intent of the legislature at the time was that the language used could be either Spanish or English *without any distinction or preference among them.* As the years went by, despite the fact that there are attorneys in our legislature, they have not deemed it advisable of an amendment. It is not our mission to legislate. Our mission is to interpret the law as we see it without any miscarriage of justice. In spite of our sympathy, our personal feeling that this case be carried out in Spanish, we are obliged to interpret the law as it is and not as we would like to

interpret it. *There is no doubt in my mind that we may have a miscarriage of justice and administrative difficulties only to carry out the intent of the legislature* stated in Article 1 of this law which is section 51 of Title I of the Laws of Puerto Rico Annotated, which you cite in your memo *the court finds that you are correct in what you have raised and therefore decides that the proceedings be carried out in English, the district attorney can address the court in Spanish and you may address the court in English. If you wish a specific translation, it will be translated. The district attorney understands English so we don't have need of an interpreter for the district attorney.* How do you want to work out the actual mechanics in this particular case? You want to have the court act as an interpreter or do you want any other interpreter? Fortunately we have the reporter of the court who takes both English and Spanish.

"MR. ROUT: I am not sure. It is up to me to state [*sic*].

"THE COURT: The court decided *that you have the right to use the English language*. It is now up to you how do you want it to be carried on.

"MR. ROUT: If I have that freedom, *I would like the testimony of the witnesses translated. That would be all.*

"LA CORTE: El tribunal le pregunta al compañero Fiscal si ha entendido?

"SR. FISCAL: Sí, Vuestro Honor.

"LA CORTE: *En este caso la traducción es del español al inglés, porque el Fiscal entiende inglés.* Entonces lo que tenemos que traducir es del español al inglés, no del inglés al español. Las partes están listas para la vista del caso, o desean tomar alguna otra actuación?

"SR. FISCAL: Con la venia del Tribunal, muy respetuosamente. Nosotros hemos oído las manifestaciones del tribunal y nos satisface grandemente que el tribunal simpatice con la posición del Fiscal, que es una posición que la corte tiene que simpatizar como puertorriqueño . . . .

"LA CORTE: Voy un poco más lejos. No hemos fallado a favor del Fiscal porque no hemos conseguido, a nuestro juicio, una base para así hacer *si la ley no fuera tan clara, no hubiéramos declarado la petición con lugar,* pero no tenemos el tiempo ni la biblioteca necesaria para hacer un estudio exhaustivo pero sí cre-

emos que valdría la pena estudiarlo por qué no se hizo extensivo a los tribunales municipales esta ley. Algún sentido práctico tiene que haber habido, y si pudiera hacerse un estudio a fondo por alguna otra agencia y llevar el asunto a un tribunal más alto, a cualquier sitio, que se pueda resolver en forma definitiva esta situación, porque *comprendemos que eso va a traer una situación administrativa muy fuerte,* pero nuestra misión es aplicar la ley tal y como la entendemos. La ley, a nuestro juicio, es clara en ese sentido.

"SR. FISCAL: Sobre eso quiero decir al tribunal que la posición del Fiscal debe ser la correcta, y yo creo que la posición del Fiscal tiene que ser la correcta, y si no hay un camino hay que hacerlo y hay que fabricarlo, porque yo creo que permitir esto, tolerar esto sencillamente es ir socavando poco a poco la cultura de este país, es atentar contra los principios fundamentales que tiene el ser humano de expresarse en su idioma vernáculo, que nosotros somos mayoría, no vemos por qué una minoría tenga que imponernos el idioma extranjero o nosotros. Estamos decididos, esto dicho con todo respeto al tribunal, y le vamos a pedir al tribunal que ordene al taquígrafo transcribir las notas taquigráficas de todo el proceso, de toda la argumentación habida durante las vistas de la discusión de la moción completa, porque nos proponemos llevar un certiorari al Tribunal Supremo, y vamos a hacer todo lo posible, todo lo que esté a nuestro alcance porque ese certiorari llegue al Supremo y porque el Supremo expida un certiorari, y si el Supremo resuelve contra nosotros buscaremos un medio para que se revise eso.

"LA CORTE: Es bueno aclarar, para fines del récord, que *cualquier persona, sea de la nacionalidad que sea, tiene el perfectísimo derecho de hacer uso de todas aquellas facultades que por ley se le conceden* y aún este juez, si estuviera postulando, y pudiendo hablar en inglés o español indistintamente, porque la culpa no es de la persona que está haciendo uso de un derecho que la propia legislatura le ha concedido. Ahora, si los legisladores creen que no es correcta esta situación ellos son los que legislarán. No creemos que debemos hacerlo nosotros. Queremos aclarar que no hacemos esto en son de crítica ni a la legislatura ni a ningún otro gobierno. Eso es en cuanto a las manifestaciones que ha hecho el compañero, ya que *el licenciado Rout tiene perfectísimo derecho a dirigirse a este tribunal en inglés porque*

*esa ley se lo ha autorizado.* Queremos hacer constar esa aclaración porque puede entenderse de que aquí estamos juzgando una cuestión ideológica, que no es la realidad. Aquí estamos juzgando un derecho si está o no concedido por la legislatura del Estado Libre Asociado de Puerto Rico." (Subrayado nuestro.)

Expedimos el auto de *Certiorari* a solicitud del Secretario de Justicia.

I

Es un hecho no sujeto a rectificaciones históricas que el vehículo de expresión, el idioma del pueblo puertorriqueño— parte integral de nuestro origen y nuestra cultura hispánica —ha sido y sigue siendo el idioma español. En lo que llevamos del siglo XX el reclamo continuo ejercido por esta raíz y realidad de nuestra formación cultural y étnica ha hecho prevalecer el español, sin merma ostensible, en las manifestaciones más íntimas y representativas de nuestra vida diaria: el hogar, la escuela, la religión, los negocios, la literatura, la política, las relaciones obreras y las actividades generales de gobierno. De otro lado, la necesidad resultante de nuestra ciudadanía de una mayor capacidad para la transmisión y recepción de ideas en el idioma inglés, para el mejor entendimiento con nuestros conciudadanos de los Estados Unidos, aquí y allá, y las exigencias de una economía en rápido crecimiento por el impacto de programas activos de industrialización, caseríos, turismo y otros de diversa índole, incluyendo proyectos pareados con fondos federales, han requerido un continuo esfuerzo de superación en los procesos de ajuste que esa nueva realidad social y económica engendra en cuanto a los medios de expresión para comunicarse y entenderse gentes de una misma ciudadanía, que en mayor o menor grado no son siempre bilingües.

II

El factor determinante en cuanto al idioma a emplearse en los procedimientos judiciales seguidos en los tribunales

del Estado Libre Asociado de Puerto Rico no surge de la ley de 21 de febrero de 1902 (⁴) que invocó el letrado Rout en apoyo de su petición de que el proceso se ventilara en inglés porque él no dominaba bien el español. (⁵) Surge del hecho de que el medio de expresión de nuestro pueblo es el español y esa es una realidad que no puede ser cambiada por ninguna ley. (⁶) El español es el idioma en el que se han seguido los trámites judiciales en más de 15,000 casos criminales y en más de 32,000 casos civiles resueltos en el año 1963–64 por el Tribunal Superior y en más de 220,000 casos criminales (incluyendo 145,000 de tránsito) y más de 28,000 casos civiles resueltos en el mismo período por el Tribunal de Distrito. El factor determinante lo establece la necesidad de que el proceso de todo acusado reúna aquellos ingredientes del debido proceso de ley, de juicio imparcial y justo, de defensa efectiva y de igual justicia que le garantizan la Constitución y las leyes, no importa en que idioma se conduzcan los procedimientos. Para ello el ciudadano tiene, entre otros, el derecho

---

(⁴) La Sec. 1 de la referida ley de 21 de febrero de 1902 (1 L.P.R.A. sec. 51) dispone: "En todos los departamentos del Gobierno Estadual, en todos los tribunales de esta isla y en todas las oficinas públicas, se emplearán indistintamente los idiomas inglés y español; y cuando sea necesario, se harán traducciones e interpretaciones orales de un idioma al otro, de modo que las partes interesadas puedan comprender cualquier procedimiento o comunicación en dichos idiomas."

(⁵) El abogado Robert H. Rout fue admitido por este Tribunal, mediante moción y sin examen bajo las disposiciones de la antigua Regla 8(b) de nuestro Reglamento, al ejercicio de la abogacía en Puerto Rico. Prestó su juramento en español el 31 de enero de 1959. En la declaración jurada en apoyo de su moción expuso que residía en Puerto Rico desde el 1ro. de febrero de 1958 y que tenía la intención de continuar residiendo aquí con su familia.

(⁶) La Ley de Relaciones Federales en su Art. 42 provee que las alegaciones y procedimientos en la Corte de Distrito de los Estados Unidos para Puerto Rico se harán en el idioma inglés; y en su Art. 44 establece como uno de los requisitos que ha de llenar la persona que haya de servir de jurado en dicha Corte, el de que "tenga suficiente conocimiento del idioma inglés para poder servir de jurado debidamente." Estos requisitos están en armonía y conservan la tradición de que los procedimientos judiciales se conduzcan en el idioma inglés a través de toda la jurisdicción federal.

a ser informado de la naturaleza del cargo que se le imputa y de confrontarse con los testigos de cargo, aparte de tener derecho a comunicarse durante el proceso con su abogado, para lo cual es indispensable que entienda lo que ocurre en el juicio. Si el acusado no conoce la lengua en que se siguen los procedimientos, imperativo es, por la razón natural que fundamenta las garantías constitucionales del debido proceso de ley, de juicio justo, de defensa efectiva y de igual justicia, que se le faciliten los medios para que pueda entender y estar al tanto de los trámites del proceso en el cual su libertad puede estar en juego. Entre esos medios está la designación de traductores para poner en su idioma lo que en idioma distinto al del acusado se produzca en corte.

En lo que concierne a los trámites judiciales en los tribunales, la ley de 21 de febrero de 1902, al disponer que "se emplearán indistintamente los idiomas inglés y español" sólo puede tener alcance directivo, cf. *RCA Communications* v. *Registrador*, 79 D.P.R. 77 (1956) y no confiere un derecho de opción, ni al acusado ni a su abogado, para elegir el idioma en que se deba ventilar el proceso. Corresponde a los jueces, no a los abogados, la dirección de los procedimientos en el tribunal y la adopción de medidas que garanticen un juicio justo a los acusados. Siendo el español el idioma de los puertorriqueños, los procedimientos judiciales en nuestros tribunales deben seguirse en español, pero los jueces tomarán aquellas medidas que resulten necesarias para que, en protección de los derechos de cualquier acusado que no conozca suficientemente nuestro idioma, se mantenga a éste—y desde luego a su abogado por ser ello parte de su derecho a una defensa efectiva—informado, por medio de traductores o de otro modo eficaz, de todo lo que transcurra en el proceso, y para que así lo revele el récord.

*En virtud de lo expuesto, se dejará sin efecto la resolución del tribunal a quo ordenando que los procedimientos en el caso*

*de autos se ventilaran en el idioma inglés y se devuelve el caso para ulteriores trámites no incompatibles con esta opinión.*