Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>Vs.<br><br>CRISTIAN RODRÍGUEZ MARRERO<br><br>Peticionario | KLCE202500132 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm. ISCR202400147-153<br><br>Sobre: Art. 93-A CP, Art. 22 CP, Art. 6.09 Ley 168 (2), Art. 6.14-A Ley 168 (2) y Art. 6.22 Ley 168 |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 11 de febrero de 2025.

Mediante un recurso de *certiorari* presentado el 7 de febrero de 2024, comparece el señor Cristian Rodríguez Marrero (el peticionario). Nos solicita que revoquemos una *Resolución* dictada el 31 de octubre de 2024, por el Tribunal de Primera, Sala de Mayagüez. Por medio del dictamen recurrido, el tribunal declaró *No Ha Lugar* una *Moción de Desestimación al Amparo de la Regla 64(p) de las de Procedimiento Criminal y/o Por Falta de Descubrimiento de Prueba Exculpatoria* instada por el peticionario.

Por los fundamentos que exponemos a continuación, se *deniega* la expedición del auto de *certiorari* solicitado.

*-I-*

Por hechos presuntamente ocurridos el 16 de abril de 2021, el Ministerio Público presentó cinco (5) *Denuncias* en contra del peticionario por infracción a los Artículos 93 y 244 del Código

Penal, y por infracción a los Artículos 6.09, 6.14 y 6.22 de la Ley de Armas de Puerto Rico de 2020.

El 31 de enero de 2024, el tribunal celebró la correspondiente vista preliminar. El foro recurrido encontró causa probable para acusar al peticionario.

Subsecuentemente, el 25 de octubre de 2024, el señor González Mercado interpuso una *Moción de Desestimación al Amparo de la Regla 64(p) de las de Procedimiento Criminal y/o Por Falta de Descubrimiento de Prueba Exculpatoria*. En el escrito, la parte peticionaria aseguró que, al día siguiente de iniciar el juicio en su fondo el 8 de octubre de 2024 recibió del Ministerio Público tres páginas de notas escritas por el agente investigador tomadas durante una entrevista al testigo principal durante la etapa investigativa. El peticionario adujo que, en consecuencia, el derecho a un debido proceso de ley de su cliente fue quebrantado pues de haber poseído la evidencia, su abogado hubiera podido prepararse adecuadamente para controvertir la prueba presentada por el Ministerio Público durante la vista preliminar.

El 30 de octubre de 2024, el Ministerio Público presentó una *Oposición a Solicitud de Desestimación al Amparo de la Regla 64(p)*. En igual fecha, el foro primario celebró una vista argumentativa donde ambas partes tuvieron amplia oportunidad de postular a favor o en contra de sus respectivas posturas. Celebrada la vista, el tribunal tuvo oportunidad de considerar los argumentos presentados, particularmente las piezas de evidencia presentadas por el Ministerio Público durante la vista. En específico, las tres páginas de notas que sirven de fundamento para el petitorio de la parte peticionaria.

Así las cosas, el 31 de octubre de 2024 el foro recurrido emitió una *Resolución* en la cual declaró *No Ha Lugar* la solicitud

de desestimación al amparo de la Regla 64(p) de Procedimiento Criminal. Según consta en la *Resolución,* el tribunal concluyó:

> [E]ste tribunal entiende que el Ministerio Público cumplió totalmente con su obligación de presentar el "quantum" de prueba requerido en Vista Preliminar. El Ministerio Público presentó su prueba y la defensa no pudo rebatir la misma. El Ministerio Público cumplió con su deber continuo de entregar las notas del agente Rafael E. Mercado Ruíz, 25138, aun cuando había comenzado el juicio en su fondo. Documentos que no fueron entregados anteriormente ya que no estaban en posesión del Ministerio Público.
>
> Por su parte, ante el planteamiento presentado de desestimación por prueba exculpatoria este tribunal entiende que no le asiste la razón a la defensa. Al analizar minuciosamente el exhibit 2 del Ministerio Público y las argumentaciones vertidas en corte abierta entendemos que aun cuando dichas notas se hubiesen entrega en etapa de Vista Preliminar no hubiese cambiado la determinación de causa emitida.
> …
>
> A través de las argumentaciones y prueba documental presentada ante este tribunal en la vista celebrada el 30 de octubre de 2024, el Ministerio Público presentó elemento de causalidad exigido dentro del principio de legalidad logrando conectar al acusado con la comisión de los delitos imputados a nivel de Vista Preliminar. Además, este Tribunal entiende, como hemos dicho, que la defensa no pudo demostrar la existencia de ausencia total de prueba en contra del acusado ni [con] las notas del agente Rafael E. Mercado Ruíz.

No conteste con la anterior determinación, el 7 de febrero de 2025 el peticionario interpuso el presente recurso de *certiorari* en el cual atribuyó error al foro primario al denegar la desestimación solicitada e insiste que las notas del agente es prueba exculpatoria que debió considerarse en la Vista Preliminar.

El mismo día, el peticionario presentó una *Moción en Auxilio de la Jurisdicción Solicitando La Paralización de los Procedimientos.* En esencia, solicitó la paralización de los procedimientos ante el foro primario, mientras atendíamos el recurso de *certiorari* de epígrafe.

Luego de examinar detenidamente el expediente de autos, y en virtud de lo establecido en la Regla 7(5) del Reglamento del

Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 7(5) procedemos a disponer del presente recurso sin ulterior trámite.

*-II-*

*A.*

El auto de *certiorari*, 32 LPRA sec. 3491 *et seq.*, es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Pueblo v. Aponte*, 167 DPR 578, 583 (2006); *Pueblo v. Colón Mendoza*, 149 DPR 630, 637 (1999). Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011). En nuestro ordenamiento jurídico, esta discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Lo anterior no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

Con el propósito de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento de nuestro Tribunal, 4 LPRA Ap. XXII-B R. 40, establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Esta Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B R. 40.

### *B.*

En repetidas ocasiones, el Tribunal Supremo de Puerto Rico ha expresado que en su misión de hacer justicia la discreción es el más poderoso instrumento reservado a los jueces. *Rodríguez v. Pérez*, 161 DPR 637, 651 (2004); *Banco Metropolitano v. Berríos*, 110 DPR 721, 725 (1981). La discreción se nutre "de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". *Pueblo v. Hernández García*, 186 DPR 656, 684 (2012), citando a *Santa Aponte v. Srio. del Senado*, 105 DPR 750, 770 (1977); *HIETel v. PRTC*, 182 DPR 451, 459 (2011). Asimismo, "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho". *Pueblo v. Hernández García, supra*, citando a *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 658 (1997).

En *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009), el Tribunal Supremo de Puerto Rico indicó que existen ciertas guías

para determinar cuándo un tribunal abusa de su discreción y, en torno a este particular, estableció lo siguiente:

> [U]n tribunal de justicia incurre en un abuso de discreción, *inter alia*: cuando el juez no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente.
>
> *García v. Padró, supra,* pág. 336; *Pueblo v. Ortega Santiago,* 125 DPR 203, 211 (1990).

En el contexto de esa doctrina, debemos tener presente el alcance de nuestro rol como Foro Apelativo al intervenir precisamente con la discreción judicial. Así pues, es norma reiterada que este Foro no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad". *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

### C.

La Regla 23 de Procedimiento Criminal, 34 LPRA Ap. II R. 23, exige la celebración de una vista preliminar cuando el delito que se le imputa a una persona es de carácter grave. En síntesis, el propósito fundamental de la vista preliminar "es evitar que una persona sea sometida injustificadamente a los rigores de un proceso penal". *Pueblo v. Rivera Vázquez,* 177 DPR 868, 875 (2010). El referido propósito se logra al requerirle al Ministerio Público que presente "**alguna** prueba sobre los elementos constitutivos de delito y sobre la conexión del imputado con su comisión". *Id.* (Énfasis nuestro). Al juez que preside la vista le corresponde evaluar la prueba presentada por el Ministerio Público

y, de quedar convencido, es quien autoriza al Estado a presentar una acusación. De lo contrario, debe exonerar al imputado y ponerlo en libertad si estaba detenido. *Id.*

Ante el supuesto en el que el juez determina que no existe causa probable para acusar, el Ministerio Público puede solicitar una segunda vista preliminar en la cual puede presentar la misma prueba o prueba distinta ante otro magistrado. Véase, Regla 24(c) de Procedimiento Criminal, 34 LPRA Ap. II R. 24(c). Esta vista, comúnmente conocida como "vista preliminar en alzada", no constituye una apelación o revisión de la vista inicial, sino una vista *de novo* e independiente de la primera. *Pueblo v. Rivera Vázquez, supra*, pág. 877.

Cabe destacar que una decisión adversa para el Estado en la vista preliminar en alzada ya sea por inexistencia de causa por insuficiencia de la prueba presentada o causa probable por un delito menor o distinto al imputado, es final. *Id.* Es decir, dicho dictamen no es revisable ante un foro de jerarquía superior ni susceptible de ser modificado por una tercera vista preliminar. Por excepción, el Ministerio Público tiene disponible el recurso de *certiorari* cuando se trata de revisar una determinación de "no causa" basada en una cuestión exclusivamente de derecho. Por consiguiente, la vista preliminar en alzada es el único remedio que, en términos generales, tiene el Estado para impugnar una determinación adversa en esta etapa de los procedimientos.

Por otro lado, si la determinación del juez es la existencia de causa probable para acusar, ya sea en vista preliminar o en la vista preliminar en alzada, el imputado tiene "el remedio exclusivo" de la desestimación al amparo de la Regla 64(p) de Procedimiento Criminal, 34 LPRA Ap. II R. 64(p). La precitada Regla permite la desestimación de una acusación o denuncia cuando se presenta "sin que se hubiere determinado causa probable por un

magistrado u ordenado su detención para responder del delito, con arreglo a la ley y a derecho". *Id.*

De otra parte, en cuanto al momento oportuno para presentar una solicitud de desestimación bajo el palio de la Regla 64(p) de Procedimiento Criminal, supra, en *Pueblo v. Jiménez Cruz,* 145 DPR 803, 815 (1998), el Tribunal Supremo de Puerto Rico indicó que:

> Cuando se imputa un delito grave, no puede presentarse una acusación hasta después que haya recaído una determinación de causa probable para ello, como resultado de la vista preliminar celebrada. Es entonces cuando se autoriza al Ministerio Público a presentarla. Por lo tanto, en un caso por *delito grave,* la moción de desestimación bajo la Regla 64(p), *supra, no tiene otro efecto que el de revisar la determinación de causa probable para acusar hecha después de celebrada tal vista preliminar.* En consecuencia, no puede revisarse, según tal regla, la determinación de causa probable *para arrestar* por un delito grave. Es en los casos por delito *menos grave,* después que se ha determinado una causa probable para el arresto o la citación del imputado, *y una vez que se ha presentado como pliego acusatorio la denuncia que sirvió de base para tal determinación,* cuando está disponible al acusado la moción de desestimación de tal denuncia bajo la Regla 64(p) de Procedimiento Criminal, a los fines de revisar dicha determinación de causa probable para el arresto. (Énfasis en el original).

Cabe destacar que una determinación positiva de causa probable para acusar, luego de celebrada la vista preliminar, tiene el efecto de subsanar cualquier error que se hubiese cometido en la determinación de causa probable para arrestar. *Id.* Asimismo, como indicáramos previamente, la determinación de causa probable en vista preliminar autoriza al Ministerio Público a presentar una acusación en contra del imputado. Por su parte, en el caso de delitos menos graves, una determinación de causa probable para arresto autoriza al Ministerio Público a presentar la denuncia como pliego acusatorio. Es entonces cuando el imputado tiene el derecho a formular una solicitud de desestimación al amparo de la Regla 64(p) de Procedimiento Criminal, *supra.* La desestimación procede si existe ausencia total de prueba

legalmente admisible en cuanto a la probabilidad de que se haya cometido el delito imputado, entiéndase, que no hay prueba sobre uno o todos los elementos del delito o sobre la conexión del acusado con el delito que se le imputa. *Pueblo v. Rodríguez Ríos,* 136 DPR 685, 690 (1994); *Pueblo v. Rivera Alicea*, 125 DPR 37, 42 (1989).

A tales efectos, el Tribunal Supremo de Puerto Rico ha resuelto que procede la desestimación de una acusación al amparo de la Regla 64(p) de Procedimiento Criminal, *supra,* en las siguientes instancias: (1) cuando la parte promovente de la solicitud demuestra que en la vista hubo ausencia total de prueba sobre la existencia de causa probable para creer que el imputado cometió el delito por el cual es procesado; y (2) cuando se ha incumplido con los requisitos de ley y jurisprudenciales que gobiernan la determinación de causa probable. *Pueblo v. Branch,* 154 DPR 575, 584-585 (2001). Mediante una moción al amparo de la Regla 64(p) de Procedimiento Criminal, *supra,* el acusado intenta rebatir la presunción de corrección que ampara a la determinación de causa probable. *Pueblo v. Cruz*, 161 DPR 207, 215 (2004).

A modo de ejemplo de lo anterior, procede dicho petitorio desestimatorio cuando el Ministerio Público tiene en su poder prueba exculpatoria que omitió entregarle a la defensa, previo a la celebración de la vista preliminar. Véase, *Pueblo v. Ortiz, Rodríguez,* 149 DPR 363 (1999). Sabido es que se considera "evidencia exculpatoria" toda aquella que resulte favorable al imputado de delito y que posee relevancia en cuanto a los aspectos de culpabilidad y castigo, independientemente de la buena o mala fe exhibida por el Ministerio Público. *Pueblo v. Echevarría Rodríguez I,* 128 DPR 299, 331 (1991). Constituye normativa arraigada en nuestro ordenamiento jurídico que dicha definición comprende el deber de descubrir toda la evidencia exculpatoria, incluyendo

testimonio perjuro o indicios de falsedad en la prueba que el Ministerio Fiscal tenga en su poder. *Pueblo v. Echevarría Rodríguez I, supra.*

Claro está, lo anterior no da derecho a una expedición de pesca. *Pueblo v. Ortiz, Rodríguez, supra,* pág. 379. Por ende, el Tribunal Supremo de Puerto Rico ha establecido que:

> Además de las declaraciones juradas de los testigos usados por Fiscalía, sólo puede tener acceso a aquella otra prueba en manos del Ministerio Público que, razonablemente, tienda a demostrar que el testimonio en contra del imputado "no es confiable o no goza de una razonable garantía de veracidad". No se trata, por ejemplo, de prueba que tenga Fiscalía sobre simples contradicciones de los testigos de cargo, sino de aquella prueba de calidad suficiente como para derrotar la estimación de causa probable para acusar. *Id.*, págs. 379-380. (Citas omitidas).

A su vez, el Tribunal Supremo aclaró que la materialidad y "relevancia de la evidencia se encuentra condicionada a la impresión derivada por el foro apelativo de que la prueba exculpatoria suprimida, con una razonable probabilidad, habría alterado el veredicto o el castigo impuesto de haber sido presentada al juzgador de los hechos." *Pueblo v. Echevarría Rodríguez I, supra*, pág. 333.

Por otro lado, el Tribunal Supremo delineó los parámetros que deben guiar al juzgador que enfrenta una moción de desestimación bajo la Regla 64(p) de Procedimiento Criminal, *supra*. En *Pueblo v. Rivera Alicea, supra*, págs. 42-43, el Tribunal Supremo de Puerto Rico detalló que estos son: (1) examinar la prueba de cargo y defensa vertidas en la vista preliminar, así como la prueba del acusado en apoyo de la moción; (2) determinar si esa prueba establece la probabilidad de que estén presentes todos los elementos del delito, así como la existencia de prueba que conecte al imputado con su comisión; (3) el hecho de que, a juicio del magistrado, la prueba presentada demuestre con igual probabilidad la comisión de un delito distinto al imputado, no debe

dar base a una desestimación; y (4) solo en ausencia total de prueba sobre la probabilidad de que estén presentes y probados uno o varios elementos del delito o de la conexión del imputado con tal delito, procede la desestimación de la acusación.

En *Pueblo v. Rivera Vázquez, supra*, pág. 878, el Tribunal Supremo de Puerto Rico indicó que ante el primer supuesto para desestimar contenido en la Regla 64 (p), ausencia total de prueba en la vista preliminar, "puede ser necesario celebrar una vista para resolver la moción de desestimación al amparo de la Regla 64(p) de Procedimiento Criminal". En esa vista, "no se pasa juicio sobre la corrección de la determinación de causa probable para acusar. Más bien, mediante dicha moción lo que se debe determinar es si en la vista preliminar, ya sea en la inicial o la "en alzada", hubo una situación de ausencia total de prueba". *Id.*

### -*III*-

Discutiremos de manera conjunta los señalamientos de error aducidos por el peticionario. En apretada síntesis, el peticionario alegó en el recurso de *certiorari* ante nos que, el foro primario incidió al declarar *No Ha Lugar* su solicitud de desestimación. Adujo que, el foro *a quo* erró al concluir que la evidencia no entregada por el Ministerio Público, antes de la vista preliminar, no era exculpatoria, y que, las notas del agente no hubieran cambiado la determinación de causa para enjuiciarlo.

Por consiguiente, concluyó que, se infringió su derecho a un debido proceso de ley en la medida en que, su abogado no pudo realizar un contrainterrogatorio efectivo como parte de su derecho a una defensa adecuada en la Vista Preliminar. Por ello, según la parte peticionaria, procede la desestimación de las acusaciones en su contra.

Es menester puntualizar que, posibles discrepancias entre lo declarado por la testigo del Pueblo en la vista preliminar y la

prueba antes aludida no tornan en exculpatoria tal prueba. En el presente caso, el foro primario examinó la prueba ante sí desfilada en la vista preliminar y determinó que existía la probabilidad de que estuvieran presentes cada uno de los elementos de los delitos imputados y que el peticionario los cometió. A su vez, al atender la solicitud de desestimación, el foro *a quo* examinó las notas del agente y concluyó que no alteraran el resultado en esa etapa de los procedimientos.

En vista de lo anterior, al analizar con detenimiento los argumentos expuestos por el peticionario, a tenor con los criterios para determinar la expedición del auto de *certiorari* delineados en la Regla 40 del Reglamento del Tribunal de Apelaciones resolvemos que no procede nuestra intervención con la determinación recurrida.

El peticionario no demostró arbitrariedad o error del foro primario en el dictamen recurrido, o que este se excediera en el ejercicio de su discreción. Por lo tanto, procede denegar el auto de *certiorari* solicitado.

*-IV-*

En atención a los fundamentos antes expresados, declaramos *No Ha Lugar* la solicitud de paralización del peticionario y *denegamos* la expedición del auto de *certiorari* solicitado.

**Notifíquese inmediatamente al Hon. Miguel R. Alameda Ramírez y a la Hon. Maura Santiago Ducós, Jueza Administradora Regional del Tribunal de Primera Instancia, Sala de Mayagüez y a las partes.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones