CC-2000-523                                                               1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br>    Recurrido<br><br>       v.<br><br>John Kelvin Branch<br>    Peticionario | Certiorari<br><br>2001 TSPR 100<br><br>154 DPR ____ |

Número del Caso: CC-2000-523

Fecha: 29/junio/2001

Tribunal de Circuito de Apelaciones:
                              Circuito Regional IV

Juez Ponente:
                              Hon. Jorge L. Escribano Medina

Abogada de la Parte Peticionaria:
                              Lcda. Wanda T. Castro Alemán


Oficina del Procurador General:
                              Lcda. Eva S. Soto Castello
                              Procuradora General Auxiliar


Materia: Robo



Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

       vs.                          CC-2000-523 Certiorari

John Kelvin Branch

    Peticionario

Opinión del Tribunal emitida por el Juez Asociado señor Hernández Denton

San Juan, Puerto Rico, a 29 de junio de 2001.

¿Existe una obligación constitucional de proveer un intérprete a un imputado de delito que no comprende el idioma español y que por esta razón no entiende las incidencias de una vista preliminar para acusar? Respondemos que, al amparo de la cláusula constitucional que garantiza el debido proceso de ley, existe tal obligación.

I

Contra John Kelvin Branch se presentó una denuncia en la que se le imputó haber cometido el delito de robo. Art. 173 del

Código Penal de Puerto Rico; 33 L.P.R.A. sec. 4279. Al inicio de la vista preliminar para acusar, su abogado, de la Sociedad para la Asistencia Legal, solicitó al tribunal que asignara a Branch un intérprete debido a que éste no entendía el idioma español, que, como se sabe, es el idioma en el que se conducen los procesos judiciales en la jurisdicción del Estado Libre Asociado de Puerto Rico. <u>Pueblo</u> v. <u>Tribunal Superior</u>, 92 D.P.R. 596 (1965). Dicha solicitud fue denegada por el magistrado instructor, quien continuó con los procedimientos. Finalmente, determinó causa probable para acusar por el delito imputado.

Posteriormente, la defensa de Branch solicitó la desestimación de la acusación al amparo de la Regla 64(p) de las de Procedimiento Criminal, bajo el fundamento de que la determinación de causa no se había hecho conforme a derecho. 34 L.P.R.A. Ap. II, R. 64(p). En específico, adujo que la ausencia de un intérprete, según la solicitud formulada por Branch, violó a éste su derecho a confrontarse con los testigos de cargo y a no ser privado de intereses libertarios y propietarios sin un debido proceso de ley.

Luego de realizar una vista con el propósito de discutir los méritos de esta moción de desestimación, el foro de instancia la denegó. Fundamentó su decisión en que, a su juicio, "[l]as molestias de hablar un idioma [en el cual] no se tiene fluidez, no [constituyen] razón para determinar que la representación legal del acusado fue insuficiente en la etapa de vista preliminar". Resolución de 8 de mayo de 2000, en la pág. 2; Apéndice de la Petición de Certiorari, en la pág. 33.

Inconforme con esta determinación, la defensa de Branch acudió ante el Tribunal de Circuito de Apelaciones, el cual denegó la expedición del auto solicitado. Oportunamente, acudió ante este Tribunal mediante recurso de certiorari. En su recurso imputó a los foros de instancia y apelativos haber errado al denegar la solicitud de desestimar la acusación al amparo de la Regla 64(p) de las de Procedimiento Criminal, ya que a su juicio, la ausencia de un intérprete en la vista preliminar constituyó una violación a los derechos constitucionales de Branch de contrainterrogar a los testigos de cargo, de estar debidamente representado por un abogado, y de ser

procesado de conformidad con las disposiciones constitucionales que le garantizan un debido proceso de ley.

Luego de examinar los planteamientos de la representación de Branch, concedimos término al Procurador General para que compareciera y expusiera su posición. Mientras esperábamos por dicho escrito, paralizamos los procedimientos seguidos en el foro de instancia. Una vez evaluada la posición del Procurador General expedimos el recurso y ordenamos que los autos originales del caso fueran elevados.

Examinado el Derecho aplicable, los alegatos de las partes, así como los autos, resolvemos.

## II

### A

Hace casi cuatro décadas reconocimos cuán importante es que los foros de instancia tomen las medidas adecuadas para viabilizar que personas con problemas para comprender el idioma español entiendan las incidencias de un proceso judicial que se sigue en su contra. Al respecto, afirmamos en Pueblo v. Tribunal Superior, supra, que,

> [s]iendo el español el idioma de los puertorriqueños, los procedimientos judiciales en nuestros tribunales deben seguirse en español, **pero los jueces tomarán aquellas medidas que resulten necesarias para que, en protección de los derechos de cualquier acusado que no conozca suficientemente nuestro idioma, se mantenga a éste --y desde luego a su abogado por ser ello parte de su derecho a una defensa efectiva-- informado, por medio de traductores o de otro modo eficaz, de todo lo que transcurra en el proceso, y para que así lo revele el récord [sic].** Pueblo v. Tribunal Superior, supra, en la pág. 606 (énfasis suplido).

En esa ocasión, sin embargo, no consideramos ni nos expresamos en torno a los derechos constitucionales que pudieran quedar lesionados en caso de no proveer la asistencia de un intérprete a una persona que no comprendiera el español.

Más recientemente retomamos el tema cuando atendimos una controversia similar a la del caso de autos. En Pueblo v. Moreno González, 115 D.P.R. 298 (1984), consideramos si la ausencia de un intérprete de lenguaje de señas durante el juicio de una persona sordomuda acusada de la comisión de un delito constituyó una violación del derecho constitucional del allí imputado a no

ser privado de su libertad sin un debido proceso de ley, y de sus derechos a confrontarse con los testigos de cargo y a estar asistido de abogado, garantizados tanto por la Constitución de Estados Unidos (Enmiendas V y VI de la Constitución de Estados Unidos), como por la Constitución del Estado Libre Asociado de Puerto Rico (Artículo II, Secciones 7 y 11 de la Constitución del Estado Libre Asociado de Puerto Rico).

Al resolver dicha controversia afirmativamente, señalamos en primer término que, como derivado del derecho a no ser privado de intereses libertarios o propietarios sin un debido proceso de ley, los problemas de audición que confrontaba el allí imputado "ameritaban que estuviera asistido de un intérprete durante la celebración de <u>todo</u> el proceso". Id., en la pág. 304 (énfasis en el original). Esta conclusión fue consecuencia lógica de la noción fundamental, inmersa en la cláusula constitucional que garantiza un debido proceso de ley, de que una persona no debe estar sujeta a un proceso judicial injusto.

En segundo lugar, destacamos que el derecho de un imputado a confrontarse con el testimonio de cargo "realmente significa el derecho de un acusado a oír a los testigos que declaran en su contra [nota al calce omitida] e incluye el derecho a poder contrainterrogar a través de su abogado". Id., en la pág. 304. Entendido de esta forma, resolvimos que la ausencia de un intérprete de señas en un juicio llevado contra una persona con serias limitaciones auditivas infringía tal derecho, toda vez que el acusado estaba inhabilitado para entender el testimonio prestado en su contra. Como derivado de ello, destacamos que la ausencia de un intérprete en dicho proceso constituyó, además, una violación del derecho del acusado a estar asistido de abogado, ya que,

> no importa lo competente que pueda ser un abogado, la imposibilidad de comunicarse con su cliente lo incapacita [en términos] prácticos para actuar como tal; en otras palabras, la ausencia del intérprete bajo estas circunstancias impide que el acusado tenga un juicio justo e imparcial. Id., en la pág. 306.

Añadimos en <u>Moreno González</u>, supra, que,

> **[u]n acusado que no entiende el lenguaje en que declaran los testigos de cargo** o que no posee la facultad auditiva de

> escucharlos **no está en posición de identificar un testimonio incorrecto o falso por parte de dichos testigos.** En su consecuencia está imposibilitado de así informárselo a su abogado, afectándose de esa forma enormemente la calidad y eficacia del contrainterrogatorio de los testigos de cargo por parte del abogado defensor, lo que resulta en definitiva en una denegatoria del derecho constitucional a "carearse" con los testigos en su contra. Id., en la pág. 305, (énfasis suplido).

De la discusión precedente podemos concluir que para un imputado que no entiende las incidencias de un procedimiento judicial, la asistencia de un intérprete durante todo el proceso adquiere una importancia tridimensional: primero, hace posible el interrogatorio de los testigos; segundo, facilita a los demandados o acusados poder entender la conversación entre abogados, testigos y el juez; y tercero, viabiliza la comunicación entre abogado y cliente. Véanse, U.S. v. Joshi, 896 F.2d 1303 (11 Cir. 1990); U.S. v. Bennett, 848 F.2d 1134 (11 Cir. 1988); State v. González-Morales, 979 P.2d 826 (Wash. 1999); People v. Aguilar, 677 P.2d 1198 (1984). Véanse además, Deirdre M. Smith, "Confronting Silence: The Constitution, Deaf Criminal Defendants, and the Right to Interpretation During Trial", 46 Me. L. Rev. 87 (1994); W.B.C. Chang y M.U. Araujo, "Interpreters for the Defense: Due Process for the Non English-Speaking Defendant" 63 Cal. L. Rev. 801 (1975).

Aunque en el presente caso no nos encontramos ante un proceso judicial seguido contra un sordomudo, como en Moreno González, supra, los pronunciamientos emitidos en torno a la lesión a los derechos constitucionales que se configura en dicho contexto se extienden a otro tipo de limitación que también impida a una persona comprender lo que expresan las personas que intervienen en un proceso judicial que se sigue en su contra.[1] Esa sería la situación de procesos criminales seguidos en los

---

[1] Cabe mencionar que el lenguaje de señas es ya considerado un lenguaje como cualquier otro. Algunos tribunales han reconocido el American Sign Language (en adelante "ASL") como el lenguaje nativo de muchas personas con impedimentos auditivos. "ASL, a complex visual-spatial language, is the native language of many Deaf men and women in the United States and English-speaking parts of Canada." Calloway v. Boro of Glassboro Department of Police, 89 F. Supp. 2d 543, 547 n. 9 (D. N.J. 2000), citando Karen Nakamura, About American Sign Language Oct.28,1998) http://www.deaflibrary.org/asl.html("It is a linguistically complete, natural language"). Al menos cinco (5) estados de los Estados Unidos han reconocido mediante legislación (y el gobierno federal mediante

tribunales de Puerto Rico contra personas que sólo hablan el idioma inglés y por ello tienen una dificultad real de comprender el idioma español. En ambas situaciones los derechos constitucionales a ser juzgado conforme a las garantías del debido proceso de ley, a confrontarse con los testigos de cargo y a estar asistido de abogado, quedan lesionados, ya que el imputado se encuentra igualmente inhabilitado para entender lo que ocurre en el proceso judicial.

Ante estas circunstancias, la concesión de un intérprete a una persona que sólo habla el idioma inglés, **luego de que se demuestra su necesidad real**, constituye un imperativo constitucional que los tribunales no deben soslayar. Por lo tanto, los tribunales deberán tomar las medidas apropiadas para garantizar que los imputados que tengan esta limitación puedan comprender las incidencias del proceso mediante el uso de un intérprete o mediante otro medio igualmente eficaz. Claro está, recae sobre el imputado el peso de demostrar al tribunal que no entiende el idioma español y que por ello necesita un intérprete. Con ese fin, el tribunal de instancia podría realizar una vista, si así lo estima necesario.

Dicho imperativo constitucional no es exclusivo del juicio en su fondo. Se extiende a etapas previas, como la vista preliminar para acusar. Regla 23 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R.23. Como se sabe, en esta etapa, los derechos constitucionales a ser procesado conforme a las garantías que se derivan del debido proceso de ley, a estar asistido de abogado y a confrontarse con el testimonio de cargo, tienen pleno vigor. Además, siendo la vista preliminar el mecanismo procesal con el cual se pretende "evitar que se someta a un ciudadano en forma arbitraria e injustificada a los rigores de un proceso judicial", cobra particular importancia que los tribunales garanticemos el pleno ejercicio de tales

---

reglamentación) el lenguaje de señas como un lenguaje completo que es la lengua nativa de muchos ciudadanos. <u>Véanse</u>, Mass. Gen. Laws. Ann. ch. 15A, sec. 9A; Mo. Ann. Stat. sec. 209.285(1); Tenn. Code Ann. sec. 49-6-1009; Tex. Education Code Ann. sec. 51.303(c); Utah Code Ann. sec. 53A-13-101.5; y 34 C.F.R. sec. 300.19 (reglamento bajo el Individuals with Disabilities Education Act, 20 U.S.C. sec. 1401(16)).

derechos en dicha etapa. <u>Pueblo</u> v. <u>López Camacho</u>, 98 D.P.R. 700, 702 (1970);

<u>Pueblo</u> v. <u>Rivera Alicea</u>, 125 D.P.R. 37, 41 (1989).

En nuestra jurisdicción, la Circular Núm. 10 de 11 de diciembre de 1991 de la Oficina de Administración de Tribunales establece las normas que rigen el uso de intérpretes en los tribunales de Puerto Rico. En lo pertinente dispone lo siguiente:

1. Se entiende por intérprete el que traduce a una lengua, simultánea o consecutivamente, las expresiones de un hablante de otra lengua o el que traduce directamente, en forma oral, un documento. Traductor es quien traduce por escrito.

2. Los servicios de intérprete sólo se prestarán con cargo al sistema en casos criminales de conformidad con los siguientes criterios:

    a.    Si se trata de intérpretes de testigos, sólo cuando sean testigos del imputado y éste sea indigente.

    b.    Si se trata de intérpretes para imputados que no hablen ni entiendan el español, siempre. En este caso, sin embargo, si el imputado desea escoger y utilizar su propio intérprete, podrá hacerlo a costa suya.

3. Los intérpretes que utilice el ministerio público deberán ser pagados por el Departamento de Justicia.

4. Si los servicios de intérpretes se requieren para cualquier incidente procesal en un caso criminal que no implique la celebración de la vista en su fondo en su totalidad, el tribunal podrá juramentar a algún abogado, funcionario o empleado del tribunal o ciudadano que se encuentre presente y que declare y demuestre ser diestro en los dos idiomas necesarios para que funja de intérprete. [...].

5. No obstante lo anterior, cuando el tribunal considere que se deben contratar los servicios de una persona que se dedique profesionalmente a la interpretación o si los servicios de ésta se requieren para la celebración de la vista en su fondo en su totalidad, el tribunal deberá tomar providencias para ello tan pronto como advenga en conocimiento de dicha necesidad.  Si fuese necesario diferir la celebración de una vista, el tribunal hará los arreglos pertinentes para que ésta se celebre con la mayor prontitud.

6. Cuando se requieran los servicios de una persona que se dedique profesionalmente a la interpretación, el tribunal dictará una orden a esos fines y el Secretario del Tribunal la referirá al Director Ejecutivo para que éste realice las gestiones pertinentes con profesionales de la comunidad. En el caso de que no exista la posibilidad de contratar los servicios de profesionales, el Director Ejecutivo podrá contratar los servicios de intérpretes no profesionales siempre que se asegure de que, por su dominio de ambas lenguas, pueden realizar la labor y sujeto a la determinación que ulteriormente pueda hacer el tribunal.

[...].

8. El tribunal deberá tomar las providencias necesarias para reducir en lo posible el período de espera del intérprete en sala, sobre todo si dicho período de espera implica la posibilidad de pagar honorarios por un día completo.

Como puede apreciarse, estas normas pretenden dar uniformidad a los procesos de selección de intérpretes en los tribunales del país. No obstante, ello no impide que los tribunales adopten otro tipo de medida que sea igualmente efectiva, para atender circunstancias procesales que se originen en un procedimiento judicial.

B

A la luz de lo anterior, el mecanismo procesal que provee la Regla 64(p) de las de Procedimiento Criminal constituye un instrumento adecuado para vindicar la lesión a los derechos de un acusado en etapas tempranas del trámite judicial por razón de carecer de un intérprete cuando tenía una necesidad real de dicha asistencia. Como se sabe, la Regla 64(p) permite a una persona imputada de delito solicitar la desestimación de una denuncia o acusación bajo el fundamento de que "se ha presentado contra el acusado una acusación o denuncia, o algún cargo de las mismas, sin que se hubiere determinado causa probable por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y a derecho". Regla 64(p) de las de Procedimiento Criminal, supra.

Conforme al texto transcrito, en el pasado hemos accedido a desestimar una acusación o denuncia al amparo de la Regla 64(p) de las de Procedimiento Criminal en las siguientes instancias: (1) cuando la parte promovente de la solicitud demuestra que en la vista hubo ausencia total de prueba sobre la existencia de causa probable para creer que el imputado cometió el delito

por el cual es procesado, <u>Pueblo</u> v. <u>González Pagán</u>, 120 D.P.R. 684 (1988),

<u>Pueblo</u> v. <u>Pérez Suárez</u>, 116 D.P.R. 807 (1986); y (2) cuando se ha incumplido

con los requisitos de ley y jurisprudenciales que gobiernan la determinación

de causa probable, <u>Pueblo</u> v. <u>Padilla Flores</u>, 127 D.P.R. 698 (1991), <u>véase</u>,

2 Olga Elena Resumil, <u>Práctica Jurídica de Puerto Rico</u> 196 (1993).

Al amparo de esta segunda modalidad en <u>Pueblo</u> v. <u>Padilla Flores</u>, <u>supra</u>,

accedimos a desestimar una acusación bajo el fundamento de que la

determinación de causa fue hecha en circunstancias que privaron a los allí

imputados "de una representación legal eficaz en violación de su derecho

constitucional a estar debidamente asistido de abogado en esta etapa del

procedimiento criminal". Id., en la pág. 703. A la luz de los derechos

constitucionales en juego, la alegación de que se ha determinado causa

probable para acusar contra una persona que no comprende o entiende el idioma

en el cual se conducen los procedimientos judiciales está enmarcada en esta

segunda modalidad. No hay duda, por tanto, de que en el caso de autos Branch

tenía a su disposición dicho mecanismo.

Aclarado el marco jurídico aplicable, examinemos los hechos ante

nuestra consideración.


III

Como expresamos antes, el Tribunal de Primera Instancia denegó la

solicitud de un traductor formulada en vista preliminar por la defensa de

Branch. La vista de lectura de acusación, por su parte, fue suspendida. No

obstante, la minuta que recoge las incidencias de esa ocasión destaca que

**"[e]l acusado no habla el idioma español"**. Minuta de 23 de febrero de 2000,

Apéndice de la Petición de Certiorari, en la pág. 21 (énfasis suplido).

Por su parte, la minuta de la vista en la que fue considerada la moción

al amparo de la Regla 64(p) de las de Procedimiento Criminal destaca lo

siguiente:

> A la [v]ista [para considerar la] moción al [a]mparo [de
> la] Regla 64-P compareció el acusado personalmente y
> representado por el Lcdo. José H. Arocho Soto. [...].
> La defensa informó que el día que se llamó el caso para
> vista [p]reliminar [...] manifestó al Juez que el acusado no

entendía el idioma español y se solicitó un intérprete y el Juez Febus declaró no ha lugar la petición. El abogado indicó que la mamá del acusado está presente en Sala y que ella sabe inglés y podría servir de intérprete. [...].

El Fiscal manifestó que no sería conveniente para el Tribunal que un familiar del acusado sirva de intérprete.

**Escuchados los planteamientos de las partes, el Tribunal manifestó que se designará un intérprete** y reseñaló la Vista de Moción para el día 2 de mayo de 2001 a las 9:00 A.M. Minuta del 10 de abril de 2000, Apéndice de la Petición de Certiorari, en la pág. 29, (énfasis suplido).

Finalmente, la Resolución del Tribunal de Primera Instancia que resuelve la solicitud de desestimación destaca que cuando se diligenció la orden de arresto, **"el juez municipal le hizo todas las advertencias en el idioma inglés"**. Resolución de 8 de mayo de 2000, Apéndice de la Petición de Certiorari, en la pág. 32, (énfasis suplido). Más adelante, destaca lo siguiente:

En la vista celebrada ante nos, se demostró que el acusado lleva viviendo en Puerto Rico siete años. Que ha tenido trabajo casi todo el tiempo y no ha requerido intérpretes para comunicarse con las personas que lo rodean. Incluso, demostró entender *algunas* preguntas que se hicieron en español, sin necesidad de esperar a que el intérprete terminara. Id., (énfasis suplido).

Finalmente, se concluyó en la resolución:

Basado en lo antes señalado, se declara NO HA LUGAR la moción bajo la Regla 64(p). [...]. **En lo sucesivo y entendiendo que es más cómodo para el acusado, y su representación legal, se ordena la citación de un intérprete para el juicio, etapa crítica y crucial de éste proceso**. Id., en la pág. 33.

Un análisis de los autos del caso nos convence de que el reclamo de Branch de que se le asigne un intérprete no es infundado. Nótese que en las distintas etapas del proceso criminal seguido en su contra, desde el diligenciamiento de la orden de arresto hasta la adjudicación de la moción de desestimación al amparo de la regla 64(p), los magistrados de instancia que han intervenido en su caso han tomado distintas medidas para minimizar el efecto adverso que pudiera tener su limitación idiomática. De este modo, surge del expediente que las advertencias legales, luego de su arresto, fueron hechas a Branch en el idioma inglés. A partir de ese momento hubo un reclamo constante de su defensa de que se le asignara un intérprete. Más adelante, en la vista en la cual se consideró la moción de desestimación, el foro de instancia asignó a Branch un intérprete para que le tradujera

al inglés las incidencias de ese proceso. Finalmente, a pesar de denegar la moción de desestimación, el foro de instancia resolvió asignarle un intérprete permanente para el juicio en su fondo. Dicha actuación constituye un reconocimiento expreso de que Branch tenía una necesidad real de tal asistencia.

En consecuencia, la ausencia de un intérprete que tradujera en forma oral a Branch las expresiones de los testigos, abogados y del juez en la vista preliminar para acusar, violó sus derechos constitucionales a ser juzgado conforme a los preceptos del debido proceso de ley, a confrontarse con el testimonio de cargo y a estar asistido de abogado. El hecho de que esta ausencia haya ocurrido en etapas previas al juicio en su fondo, como lo es la vista preliminar, no altera dicha realidad. Pues, al igual que en Moreno González, supra, las limitaciones idiomáticas que tenía Branch "ameritaban que estuviera asistido de un intérprete durante la celebración de todo el proceso". Id., en la pág. 304.

Procede dejar sin efecto la determinación de causa y ordenar la desestimación de la acusación formulada en su contra.

Se emitirá la Sentencia correspondiente.


                              Federico Hernández Denton
                                   Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

       vs.                           CC-2000-523 Certiorari

John Kelvin Branch

    Peticionario


SENTENCIA


San Juan, Puerto Rico, a 29 de junio de 2001.


Por los fundamentos expuestos en la Opinión que antecede, y habiendo sido expedido previamente el auto de certiorari, se revoca la resolución emitida por el Tribunal de Circuito de Apelaciones, Circuito Regional IV (Aguadilla y Mayagüez), en el caso El Pueblo de Puerto Rico v. John Kelvin Branch, KLCE2000-590. En su lugar se deja sin efecto la determinación de causa para acusar por infracción al artículo 173 del Código Penal contra John Kelvin Branch y se ordena la desestimación de la acusación.

Lo ordenó el Tribunal y certifica la Secretaria del Tribunal Supremo de Puerto Rico. El Juez Asociado señor Fuster Berlingeri no intervino.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo