ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>JOEL ACEVEDO MUÑOZ<br><br>Peticionario | KLCE202500662 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: ISCR202401038<br><br>Sala: 402<br><br>Sobre: Artículos 284 y 241 (C) del C.P. |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de septiembre de 2025.

Compareció el peticionario, el Sr. Joel Acevedo Muñoz (en adelante, "señor Acevedo Muñoz" o "peticionario"), mediante un recurso de *Certiorari* presentado el 13 de junio de 2025. Nos solicitó la revocación de la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (en adelante, "foro primario"), en la cual se declaró no ha lugar a una solicitud de desestimación al amparo de la Regla 64(p) de Procedimiento Criminal, *infra*, debido a que el Ministerio Público aportó prueba que superó el *quantum* evidenciario para la etapa de vista preliminar en alzada. En otras palabras, concluyó que en el presente caso no existe una ausencia total de prueba.

Por los fundamentos que expondremos a continuación, se **deniega la expedición** del auto de *Certiorari*.

**-I-**

---

[1] Véase *Orden Administrativa DJ 2024-062C* de 6 de mayo de 2025, sobre enmienda a la orden de designación de Paneles en el Tribunal de Apelaciones.

El Pueblo de Puerto Rico presentó contra el señor Acevedo Muñoz dos (2) denuncias por hechos ocurridos el 11 de marzo de 2024.[2] Una de ellas por el delito menos grave de alteración a la paz, dispuesto en el Artículo 241 del Código Penal, 33 LPRA sec. 5331; la otra por delito grave del Artículo 284 del Código Penal, 33 LPRA sec. 5377. Luego de la determinación de causa para acusar en la vista preliminar en alzada del 10 de septiembre de 2024, el Pueblo de Puerto Rico presentó la acusación correspondiente.[3] A saber, se le acusó de amenazar y perturbarle la tranquilidad a un agente del orden público que era parte de una vista donde ejercía sus responsabilidades oficiales y en la cual también fungía como testigo y perjudicado.

Los hechos que constan en la denuncia por el Artículo 241 del Código Penal, son los siguientes:

> El referido acusado JOEL ACEVEDO MUÑOZ [...] perturbó la paz y/o tranquilidad del Agte. Vidal Vázquez Acevedo [...] en forma inconveniente mediante vituperios, desafíos, provocaciones, palabras insultantes y actos que pudieron provocar una reacción violenta y/o airada en quien las escuchó. Consistente en que cuando el Agte. Vázquez se disponía a salir del edificio del Centro Judicial, el imputado acompañado de dos menores, le gritó al perjudicado en forma estrepitosa que era un jodío embustero, corrupto, que era un policía embustero, que se fuera para el carajo, que por eso es que se joden, que él iba a ver lo que le iba a pasar por embustero. Sintiéndose humillado, desafiado, provocado e insultado. Siendo esto un hecho contrario a la ley.[4]

En cuanto a la acusación autorizada por el Artículo 284 del Código Penal, *supra*, se consignó que el señor Acevedo Muñoz cometió el delito de alteración a la paz contra el agente de la Policía de Puerto Rico, Vidal Vázquez Acevedo (en adelante, Agte. Vázquez), y que:

> esto [está] relacionado con un procesamiento criminal que se está llevando a cabo actualmente en el Tribunal de Primera Instancia de Mayagüez y tal delito contra la persona del Agente del Orden Público surge en el curso y como consecuencia de éste procedimiento o vista en el que el Agente está cumpliendo con el ejercicio de las responsabilidades oficiales asignadas a su cargo.

---

[2] Apéndice del peticionario, págs. 209-212.
[3] *Íd.*, págs. 207-208.
[4] *Íd.*, págs. 211-212.

> Consistente en que cuando el Agte. Vázquez se disponía a salir del Centro Judicial de Mayagüez, luego de haber servido como testigo en un caso en el que aún se encuentra bajo las reglas del Tribunal, el acusado acompañado de dos menores, quienes estuvieron presente en la sala 201 del Tribunal de Primera Instancia de Mayagüez, mientras el Agte. Vázquez testificaba, y ya saliendo del edificio del Centro Judicial le gritó al perjudicado que era un jodío embustero, corrupto, que era un policía embustero, que se fuera para el carajo, que por eso es que se joden, que él iba a ver lo que le iba a pasar por embustero. Siendo esto un hecho contrario a la ley.[5]

Insatisfecho con la determinación de causa probable, el 5 de diciembre de 2024, el señor Acevedo Muñoz presentó una *Moción de Desestimación bajo la Regla 64p de Procedimiento Criminal.*[6] En esta, alegó que hubo ausencia total de prueba en uno o varios de los elementos del delito imputado. El Pueblo de Puerto Rico, el 21 de enero de 2025, replicó mediante la presentación de una *Moción en Oposición a Desestimación al Amparo de la Regla 64-P de las de Procedimiento Criminal.*[7] Arguyó que no hay ausencia total de prueba sobre los elementos del delito imputado y que se estableció la conexión del peticionario con la conducta criminal.

Luego de evaluar detalladamente la transcripción de la prueba desfilada en la vista preliminar en alzada, así como los argumentos de ambas partes, el foro primario emitió una *Resolución* fundamentada fechada el 25 de abril de 2025, notificada el 28 de abril de 2025, mediante la cual declaró no ha lugar la solicitud de desestimación al amparo de la Regla 64(p) de Procedimiento Criminal, *supra.*[8]

Inconforme aún, el 13 de junio de 2025, el señor Acevedo Muñoz acudió ante nos mediante el recurso de epígrafe y apuntaló la comisión de los siguientes errores:

> El Tribunal de Primera Instancia erró de forma clara y manifiesta en la apreciación de la prueba y no se cumple con todos los elementos del Art. 284 del Código Penal.

---

[5] *Íd.*, págs. 207-208.
[6] *Íd.*, págs. 201-206.
[7] *Íd.*, págs. 196-200.
[8] *Íd.,* págs. 6-24.

El Tribunal de Primera Instancia erró y su determinación es contraria a derecho, el quantum de prueba requerido en etapa de Vista Preliminar no es una *scintilla*.

Por argüirse que el foro primario erró en la apreciación de prueba oral, el peticionario presentó junto a su recurso la transcripción de la vista preliminar en alzada.

Por su parte, el 10 de julio de 2025, el Pueblo de Puerto Rico, por conducto de la Oficina del Procurador General, presentó su *Escrito en Cumplimiento de Orden*.

Con el beneficio de la comparecencia de ambas partes y la transcripción de la prueba oral de la audiencia llevada a cabo el 10 de septiembre de 2024, procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

**-II-**

**A. *Certiorari* criminal**

El recurso de *Certiorari* un mecanismo procesal de carácter discrecional que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Pueblo Guadalupe Rivera,* 206 DPR 616, 632 (2021); *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372, (2020); *Pueblo v. Díaz De León,* 176 DPR 913, 917 (2009). Esto es, distinto al recurso de apelación, el foro revisor puede expedir el auto de *Certiorari* de manera discrecional. *Pueblo v. Rivera Montalvo*, supra; *Pueblo v. Díaz De León*, supra, pág. 918. Sin embargo, la discreción del Tribunal revisor no es irrestricta. *Pueblo v. Rivera Maldonado*, supra. Así pues, nuestro ordenamiento jurídico aclaró que el foro revisor al ejercer su discreción debe hacerlo con cautela y por razones de peso. *Pueblo v. Díaz De León*, supra, pág. 918.

En armonía con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025), establece unos criterios para que el Tribunal Intermedio ejerza con

prudencia su discreción al momento de atender una solicitud de expedición de un auto de *Certiorari*. *Pueblo v. Rivera Maldonado*, supra. En lo pertinente, la referida regla establece los criterios siguientes:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*Íd.*

Cabe precisar que nuestro Tribunal Supremo ha expresado que, de ordinario, el tribunal revisor solo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y en donde se demuestre que estos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Maldonado*, supra, pág. 373.

**B. Vista Preliminar**

Posterior al proceso de la determinación de causa para arresto dispuesto en la Regla 6 de Procedimiento Criminal, 34 LPRA Ap. II, R.6., la persona que sea imputada de delito grave tiene derecho a

que se celebre una vista preliminar. Véase, Regla 23 de Procedimiento Criminal, 34 LPRA Ap. II, R.23. El referido derecho, cuyo origen y rango es estatutario y no constitucional, tiene el propósito de que el Estado celebre una audiencia adversativa en la que el Ministerio Público tendrá el peso de presentar prueba que pueda eventualmente ser admisible en el juicio y que persuada al tribunal de hacer "una determinación de que existe causa probable en cuanto a dos aspectos: 1) que el delito grave se cometió y (2) que la persona imputada lo cometió". *Pueblo v. Guadalupe Rivera*, 206 DPR 616, 623-624 (2021). En otras palabras, el tribunal de instancia deberá analizar si el Ministerio Público presentó prueba admisible sobre todos los elementos del delito y de su conexión con el imputado. Así pues, para cumplir con su responsabilidad durante la Vista Preliminar,

> el Ministerio Público no está obligado a presentar toda la prueba de cargo que desfilará en el juicio. Por el contrario, **su responsabilidad probatoria en esta etapa se limita a la presentación de una *scintilla*** de evidencia que dé paso a una determinación *prima facie* sobre los dos aspectos mencionados.

*Pueblo v. Pérez Delgado*, 211 DPR 654, 664-665 (2023). (Énfasis suplido).

En caso de que "el Ministerio Público logre cumplir con esta carga probatoria, el magistrado que presida la vista deberá determinar causa probable por el delito imputado". *Íd.*, pág. 665. La determinación que resulta de la referida vista preliminar de causa probable para acusar a tenor con la Regla 23 de Procedimiento Criminal, *supra*, constituye una autorización para que el Ministerio Público pueda proceder a presentar formalmente la acusación por delito grave. Con ello, además, se autoriza a que se continúen los procedimientos encaminados para que el imputado enfrente un juicio. Así, la celebración de esta audiencia también funge como una salvaguarda adicional que el ordenamiento procesal criminal le otorga a los acusados para "evitar que se someta a un ciudadano

arbitraria e injustificadamente a los rigores y penurias de un juicio en su fondo". *Pueblo v. Pérez Delgado*, supra, pág. 664 (nota al calce omitida). En cambio, "si en la vista preliminar el magistrado… determina que no hay causa probable para acusar por un delito grave, el Ministerio Público está impedido de instar la acusación". *Pueblo v. Guadalupe Rivera*, pág. 624.

La vista preliminar es un ejercicio analítico de probabilidades cuyo objetivo no es establecer la culpabilidad del acusado más allá de duda razonable, sino, "constatar que, en efecto, el Estado cuenta con una justificación adecuada para continuar con un proceso judicial más profundo". *Pueblo v. Pérez Delgado*, supra, pág. 665. Así, la determinación que realiza el juez en etapa de vista preliminar no es una adjudicación sobre los méritos del caso. Por ello, nuestro Tribunal Supremo ha reiterado en múltiples ocasiones que la vista preliminar no es ni debe convertirse en un mini juicio. *Íd.*

## C. Desestimación bajo la Regla 64(p)

Luego de la determinación de causa probable para acusar por delito grave (Regla 23) o la causa para arresto por delito menos grave (Regla 6), el imputado que entienda que el tribunal encontró causa probable sin que se le vincule con todos los elementos del delito, puede atacar la determinación de causa probable mediante una moción de desestimación al amparo de la Regla 64(p) de Procedimiento Criminal, 34 LPRA Ap. II, R.64(p). Esa regla dispone lo siguiente:

> La moción para desestimar la acusación o denuncia, o cualquier cargo de las mismas sólo podrá basarse en uno o más de los siguientes fundamentos:
>
> (a)…
>
> (p) **Que se ha presentado contra el acusado una acusación o denuncia**, o algún cargo de las mismas, **sin que se hubiere determinado causa probable** por un magistrado u ordenado su detención para responder del delito, **con arreglo a la ley y a derecho**.

34 LPRA Ap. II, R.64(p) (énfasis suplido).

En términos prácticos, la regla citada es el mecanismo procesal exclusivo que tiene un imputado "para impugnar la determinación de causa probable y solicitar la desestimación de la acusación cuando entienda que la misma fue presentado sin arreglo a la ley y a derecho". *Pueblo v. Pérez Delgado*, supra, pág. 666. En este contexto, la desestimación de la denuncia o acusación procede en dos escenarios:

> (1) cuando se infringió alguno de los derechos o requisitos procesales de la vista preliminar, o (2) cuando se determinó causa probable para acusar, pese a la ausencia total de la prueba sobre alguno de los elementos del delito imputado, incluido entre estos, la prueba sobre la conexión del acusado.

*Íd.*

En la medida en que en el presente caso lo que se plantea es ausencia total de prueba, esa será la modalidad que se discutirá a continuación.[9]

Es importante señalar que la determinación de causa probable goza de una presunción de corrección, de manera que es el imputado quien tiene el peso de persuadir y demostrarle al tribunal que hubo ausencia total de prueba legalmente admisible en cuanto a alguno o varios de los elementos del delito o en torno a su conexión. *Íd.*, págs. 665-667. El concepto "ausencia total" en este contexto equivale a que el Ministerio Público simplemente no desfiló evidencia sobre uno o varios elementos del tipo delictivo. *Íd.*, pág. 667. Si el imputado no logra rebatir la presunción de corrección y no logra persuadir al tribunal de que hay total ausencia de prueba sobre algún elemento del delito, entonces procede la denegación de la desestimación. Vale señalar que, "sólo procede desestimar ante un caso claro de ausencia total de prueba...". *Pueblo v. Rivera Vázquez*, 177 DPR 868, 879 (2010).

---

[9] Para una discusión de la desestimación al amparo de la Regla 64(p), *supra,* en su modalidad de violación de derechos o requisitos procesales de la vista preliminar, véase *Pueblo v. Rivera Vázquez,* 177 DPR 868, 879 (2010); *Pueblo v. Branch,* 154 DPR 575 (2001).

El Tribunal Supremo ha establecido unas guías o criterios para que los tribunales puedan evaluar las solicitudes de desestimación al amparo de la Regla 64(p) de Procedimiento Criminal, *supra. Pueblo v. Pérez Delgado*, supra, pág. 667. Primero, se debe examinar la prueba de cargo y las defensas vertidas en la vista preliminar. *Íd.* Segundo, el tribunal debe auscultar si la prueba de cargo establece la probabilidad de que estén presentes cada uno de los elementos del delito, incluyendo la conexión con el imputado. *Íd.* Tercero, si a juicio del magistrado la prueba presentada demuestra con igual probabilidad la comisión de un delito distinto al imputado, ello no ser base para la desestimación. *Íd.* Cuarto, a desestimación procede solamente en el caso de ausencia total de prueba sobre la probabilidad de que estén presentes y probados uno o varios elementos del delito o de la conexión con el imputado. *Íd.*

Es importante señalar que, al realizar este análisis con el fin de disponer una solicitud de desestimación al amparo de la Regla 64(p), *supra*, el tribunal de instancia ni está revisando directamente la determinación de causa probable ni puede hacer una determinación causa probable *de novo*. *Pueblo v. Pérez Delgado*, supra, pág. 667-668. El objetivo de ese juez se limita determinar si hubo ausencia total de prueba. *Pueblo v. Guadalupe Rivera*, pág. 627 (citando *Pueblo v. Negrón Nazario*, 191 DPR 720 736 (2014).

**D. Delitos imputados**

Al peticionario se le imputaron dos delitos por infracciones al Código Penal. Uno de ellos fue la violación al Artículo 284 del Código Penal, el cual dispone lo siguiente:

**Conspiración, amenazas o atentados contra funcionarios del sistema de justicia o sus familiares**

Toda persona que conspire, amenace, atente o cometa un delito contra la persona o propiedad de un policía, alguacil, oficial de custodia, agente del Negociado de Investigaciones Especiales, agente investigador u otro agente del orden público, fiscal, procurado de menores, procurador de asuntos de familia, juez, o cualquier otro funcionario público relacionado con la investigación, arresto, acusación,

procesamiento, convicción o detención criminal, contra los familiares dentro del cuarto grado de consanguinidad o segundo de afinidad de estos funcionarios, y tal conspiración, amenaza, tentativa de delito contra la persona o propiedad surgiere en el curso o como consecuencia de cualquier investigación, procedimiento, vista o asunto que esté realizando o haya realizado en el ejercicio de las responsabilidades oficiales asignadas a su cargo, será sancionada con pena de reclusión por un término fijo de tres (3) años.

33 LPRA sec. 5377.

Asimismo, le imputaron delito por el Artículo 241(c) del Código Penal, el cual dispone como sigue:

**Alteración a la paz**

Incurrirá en delito menos grave, toda persona que realice cualquiera de los siguientes actos:

(a) ...

(c) perturbe la paz o tranquilidad de una o varias personas en forma estrepitosa o inconveniente mediante vituperios, oprobios, desafíos, provocaciones, palabras insultantes o actos que puedan provocar una reacción violenta o airada en quien las escucha.

33 LPRA sec. 5331.

**-III-**

En esencia, el peticionario planteó ante nos que el foro primario incidió al declarar no ha lugar a la moción de desestimación bajo la Regla 64(p) de Procedimiento Criminal, *supra*. Argumentó que el estándar probatorio que rige una vista de causa probable para acusar no es una *scintilla*. Además, sostuvo que hubo ausencia total de prueba que justifique la determinación de causa probable. En específico, adujo que proferirle a un agente de la Policía de Puerto Rico que acaba de salir del Centro Judicial de Mayagüez luego de ejercer sus funciones como testigo del Pueblo de Puerto Rico en otro caso, palabras tales como: "eres un embustero", "guardia corrupto", "tú verás lo que te va a pasar por embustero", no constituyen "palabras tan ofensivas como para ser consideradas 'palabras de riña'".[10] A su entender, no se cumplió con el elemento objetivo del Artículo 241(c) del Código Penal, *supra*. Asimismo, alegó

---

[10] Petición de *Certiorari,* pág. 7.

que el Ministerio Público no presentó prueba del elemento subjetivo de ese delito, es decir, que la expresión sea capaz de provocar en la víctima una respuesta violenta inmediata. Arguyó que los policías están acostumbrados a escuchar palabras mucho más ofensivas. Además, sostuvo que no se presentó prueba de que las expresiones estuvieran relacionadas al testimonio vertido por el Agte. Vázquez en el otro proceso criminal en el cual éste fungió como testigo. Por último, señaló que el Agte. Vázquez desconoce la razón por la cual le dijeron esas palabras.[11]

Ahora bien, al momento de aquilatar la prueba, el foro primario consideró las circunstancias del día en el que se desarrollaron los hechos en cuestión y que fueron vertidas para récord mediante varios testimonios. Veamos.

Por un lado, el foro primario consignó que el peticionario se encontraba presente como parte del público en una sala del Tribunal en la cual el Agte. Vázquez se encontraba testificando como testigo en un caso relacionado con unos arrestos en unas manifestaciones en La Parguera.[12] Al decretar un receso de las labores, el tribunal lo excusó de sala bajo las advertencias de las reglas ya que su testimonio continuaría en una fecha posterior.[13] El Agte. Vázquez relató que, cuando caminaba hacia el estacionamiento luego de haber salido del tribunal cuando escuchó al señor Acevedo Muñoz gritarle "eres un embustero", "guardia corrupto", "tú verás lo que te va a pasar por embustero".[14] El foro primario notó, además, que el Agte. Roger Bermúdez Rodríguez testificó que mientras el peticionario miraba al Agte. Vázquez, "le gritó 'sígueme hasta el estacionamiento para que veas lo que te va a pasar'".[15] Además, el

---

[11] *Íd.*, págs. 3-4.
[12] Ap., página 20. Véase, Transcripción de la prueba oral (en adelante, "TPO"), pág. 24, líneas 1-5; pág. 38, líneas 2-10; pág. 40, línea 15. pág. 42, líneas 6-13.
[13] *Íd.*; TPO, pág. 41, líneas 3-18.
[14] *Íd.*; TPO, pág. 46, líneas 2-12.
[15] *Íd.*, págs. 20-21; TPO, págs. 22-23.

Agte. Vázquez testificó sobre cómo se sintió ofendido, incómodo, temeroso por su seguridad luego del incidente antes detallado.[16] En resumen, el foro *a quo* concluyó como sigue:

> [...] el Ministerio Público aportó *scintilla* de evidencia sobre la presencia del hoy acusado en la sala donde el Agte[.] Vázquez Acevedo testificaba, la animosidad de éste hacia el trabajo del agente y su declaración en sala en el caso particular que se ventilaba aquel 11 de marzo de 2024 y al que se refirió como "el caso de Lajas", denotando conocimiento de los procesos particulares que se llevaban a cabo en tal sala.[17]

Asimismo, el foro primario acotó que se establecieron "actos o gestos de invitación a que lo siguiera hasta el estacionamiento acompañados de las palabras 'verás o que te va a pasar'".[18] En fin, el foro primario concluyó que en el presente caso no hay una ausencia total de evidencia, sino que hubo prueba suficiente para concluir que la actuación del peticionario está relacionada con la función del Agte. Vázquez Acevedo.

De otro lado, el foro primario concluyó —respecto al elemento subjetivo del delito de alteración a la paz— que el argumento del señor Acevedo Muñoz era una invitación a descartar por completo la declaración del agente de la policía en torno a cómo se sintió cuando de manera pública le profirieron las palabras anteriormente detalladas, además de gestos y provocaciones. En cuanto a la jurisprudencia citada por el peticionario para sostener el razonamiento de que sus palabras y acciones no fueron suficientemente ofensivas para un agente de la policía quien está entrenado para soportarlas sin que su paz sea perturbada, concluyó que ninguno de los casos citados le permite concluir que la vista preliminar en alzada estuviera absolutamente carente de prueba.[19]

Conforme explicamos en el derecho aplicable, la vista preliminar tiene como propósito establecer si un imputado pudo

---

[16] *Íd.*, pág. 21.
[17] *Íd.*, pág. 22.
[18] *Íd.*, pág. 22.
[19] *Íd.*, pág. 23.

*probablemente* haber cometido cierto delito de naturaleza grave, lo cual faculta al Estado a proceder a acusarlo y le impone al Ministerio Público, a su vez, la carga de probar la comisión de la conducta no permitida más allá de duda razonable en un juicio.

Tras examinar el expediente de epígrafe, prestando particular atención a la *Resolución* recurrida y a la Transcripción de la Prueba Oral provista, notamos que se cumplió con el estándar evidenciario requerido en etapa de vista preliminar para establecer causa probable para acusar por el delito imputado. En este caso, el Pueblo de Puerto Rico presentó prueba sobre el hecho de que el señor Acevedo Muñoz le profirió expresiones amenazantes e insultantes al Agte. Vázquez, quien fungía como testigo y perjudicado durante un procedimiento criminal, y quien era y es agente del orden público.

Por lo tanto, entendemos que, a la luz de la prueba considerada por el foro primario, no existe base suficiente que apoye la contención del señor Acevedo Muñoz en su recurso, a los efectos de que el Pueblo de Puerto Rico no logró establecer causa probable para acusar y que hubo ausencia total de prueba de uno o más de los elementos del delito imputado, por lo cual procedería la desestimación de la acción criminal. Además, no hemos hallado indicador alguno que nos obligue a descartar la gran deferencia que se le debe a la determinación que efectuó el juzgador de instancia sobre los testigos que declararon ante sí. *Pueblo v. Negrón Ramírez*, 213 DPR 895, 909 (2024). Tampoco surge del análisis de la prueba que hubiera mediado pasión, prejuicio o parcialidad o algún error manifiesto llevado a cabo por el foro primario.

Así las cosas, colegimos que no existe criterio jurídico que amerite nuestra intervención en esta etapa de los procedimientos. Nótese que, el Pueblo de Puerto Rico aún no ha presentado el caso en un juicio en su fondo. En esa etapa de los procedimientos, el juzgador de hechos deberá determinar si, en efecto, el peticionario

cometió los delitos en cuestión más allá de duda razonable, y el peticionario tendrá la oportunidad de defenderse.

Por último, destacamos que no se configura ninguna de las circunstancias que justifican la expedición del auto bajo los fundamentos de la Regla 40 de nuestro Reglamento. En fin, no encontramos razones para expedir el auto y revisar la resolución recurrida.

**-IV-**

Por los fundamentos expuestos, se **deniega expedición** del auto de *Certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones