Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>OSCAR RIVERA PÉREZ<br><br>Peticionario | TA2026CE00158 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de CAGUAS<br><br>Caso Núm.:<br>E1VP202501640<br><br>Sobre:<br>Ley 154 Art. 3.1 |
|---|---|---|

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Mateu Meléndez, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 11 de febrero de 2026.

Ayer, 10 de febrero de 2026, **a las 6:59 p.m.,** el Sr. Oscar Rivera Pérez (Rivera Pérez o el peticionario) acudió ante nos *Petición de Certiorari* mediante el cual nos solicita que revisemos la determinación de causa probable resuelta en la Vista Preliminar celebrada en la causa de epígrafe. Asimismo, nos pide que revoquemos la *Orden/Resolución* dictada y notificada en la causa de epígrafe el 13 de enero del año en curso. Por virtud del aludido dictamen, el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI o foro primario) declaró No Ha Lugar la *Moción de Reconsideración* sometida por el peticionario en cuanto a la causa probable resuelta.

En adición, ese mismo día Rivera Pérez presentó *Moción Urgente Solicitando Paralización de Procedimientos en Auxilio de la Jurisdicción de este Honorable Tribunal.* Según anuncia su título, en su escrito nos solicitó que ordenemos la suspensión del juicio pautado en el caso para el día de hoy.

Evaluados ambos escritos, declaramos **No Ha Lugar** la solicitud de paralización de los procedimientos. De igual forma, resolvemos **expedir** el auto de *certiorari* solicitado y **confirmar** la decisión recurrida.

**-I-**

El 26 de septiembre de 2025, el Ministerio Público presentó *Acusación* contra el peticionario en la que le imputó violación al Artículo 3.1 de la Ley Número 54 del 15 de agosto de 1989, conocida como Ley para la Prevención e Intervención contra la Violencia Doméstica (Ley Núm. 54). Por su parte, el 28 de octubre de 2025, el peticionario sometió *Solicitud de Desestimación de la Acusación al Amparo de la Regla 64(q) de Procedimiento Criminal.*[1] Allí, expuso que la determinación de causa probable para acusar realizada durante la vista preliminar del caso fue contraria a derecho. Esto, pues luego de celebrada la vista, surgió que el peticionario no escuchaba bien, por lo que no podía conocer de lo que se le acusaba y poder ayudar a su representante legal en el ejercicio de una defensa adecuada. No obstante, y pese a lo anterior, el magistrado dictaminó que, como desconocía durante el proceso que Rivera Pérez no escuchaba, no tenía obligación de proveerle la asistencia necesaria.

Habiéndose opuesto el Ministerio Público a la solicitud, el 9 de diciembre de 2025, TPI declaró No Ha Lugar la desestimación solicitada. Inconforme con esto, el 7 de enero de 2026, Rivera Pérez sometió *Moción de Reconsideración sobre Solicitud de Desestimación al Amparo de la Regla 64(q) de Procedimiento Criminal.* El día 13 del mismo mes y año, el TPI se negó a reconsiderar. En desacuerdo aun, en el día de ayer el peticionario acudió ante nos y señaló la comisión del siguiente error:

> Erró el Honorable Tribunal de Primera Instancia al no desestimar la determinación de causa de la vista preliminar, conforme a la Regla 64(q) de las de procedimiento criminal, ello a pesar de haberse percatado por sí mismo que el imputado tiene problemas de audición, violando flagrantemente el debido proceso de ley del aquí peticionario.

---

[1] La mencionada Regla 64(q) de Procedimiento Criminal, 34 LPRA Ap. II R. 64(q), dispone que una moción para desestimar la acusación o la denuncia, podrá basarse en que "[u]na persona que padece de sordera profunda, severa, moderada o leve, o que refleja cualquier otra situación de hipoacusia o condición que le impida comunicarse efectivamente, fue arrestada, denunciada, imputada y/o acusada y no se le proveyó un intérprete de lenguaje de señas, labio lectura, o algún otro acomodo razonable que garantizara la efectividad de la comunicación, en la vista de causa probable para arresto, la vista de causa probable para arresto en alzada, la vista preliminar o la vista preliminar en alzada."

Como indicamos, junto con su recurso, solicitó nuestro auxilio pidiéndonos que paralicemos los procedimientos. También, presentó *Moción Sometiendo Transcripción de la Prueba Oral de la Vista Preliminar*. Estudiada la petición y la transcripción presentada, según nos autoriza a hacer la Regla 7(B)(5) de nuestro Reglamento, prescindimos de la comparecencia del Ministerio Público y procedemos a atender el recurso conforme la norma aplicable que adelante exponemos.

**-II-**

*A.*

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 195 (2023) al citar a *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021) y otros. La característica distintiva del recurso de *certiorari* descansa en la discreción encomendada a este Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023) y casos allí citados. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd*.

De otro lado, el examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. *800 Ponce de León v. AIG*, 205 DPR 163 (2020). Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*.[2] Estos criterios, pautan el ejercicio sabio y prudente de

---

[2] Así pues, según la citada regla, estos indicadores son: si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho; si la situación de hechos planteada es la más indicada para el análisis del problema; si ha

la facultad discrecional judicial. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019).

*B.*

En *Pueblo v. Branch*, 154 DPR 575, 581 (2001) nuestro Tribunal Supremo resolvió que para un imputado que no entiende las incidencias de un procedimiento judicial, la asistencia de un intérprete durante todo el proceso adquiere una importancia tridimensional. Ello, pues hace posible el interrogatorio de los testigos; facilita a los demandados o acusados poder entender la conversación entre abogados, testigos y el juez; y hace viable la comunicación entre abogado y cliente. En dicha ocasión nuestro Mas Alto Foro concluyó que, ante estas circunstancias, los tribunales debían tomar las medidas apropiadas para garantizar que los imputados que tengan esta limitación puedan comprender las incidencias del proceso mediante el uso de un intérprete o mediante otro medio igualmente eficaz.

En lo concerniente, la Regla 4.1 de Procedimiento Criminal, 34 LPRA Ap. II R. 4.1, establece lo siguiente:

> Regla 4.1. Procesamiento de persona que padece alguna condición que le impide comunicarse efectivamente
>
> Cuando se inicie un procedimiento criminal contra una persona que padezca de sordera profunda, severa, moderada o leve, o que refleje cualquier otra situación de hipoacusia o condición que le impida comunicarse efectivamente, los funcionarios del orden público, según requiere la Ley 136-1996, y/o el tribunal, conforme a las disposiciones del "Americans with Disabilities Act" (Ley Pública 101-336, según enmendada), deberán garantizar que se le asigne un intérprete de lenguaje de señas y/o labio lectura, o que se le provea algún otro acomodo razonable que garantice la efectividad de la comunicación, así como los derechos de la persona denunciada, arrestada, imputada y/o acusada a comprender el proceso, a comunicarse efectivamente con su abogado y a colaborar con su propia defensa. Esta garantía se observará en todas las etapas del proceso criminal.

---

mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia; si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados; si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración; si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; o si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

El tribunal tomará providencias para asegurar la comparecencia del intérprete, o la adopción de los acomodos razonables necesarios, **tan pronto como advengan en conocimiento de dicha necesidad, o a solicitud de parte.** Si fuese necesario suspender la celebración de una vista, el tribunal hará los arreglos pertinentes para que ésta se celebre con la mayor prontitud, sin que se vea afectado el derecho a juicio rápido de la persona sorda o que padece alguna condición que le impida comunicarse efectivamente o las garantías derivadas del Debido Proceso de Ley. Si la necesidad del intérprete o el acomodo razonable correspondiente estuviere en controversia, se presumirá que la parte sorda o que padece una condición que le impida comunicarse efectivamente, necesita un intérprete o el correspondiente acomodo razonable (énfasis suplido)

Por su parte, la Regla 4.2 de Procedimiento Criminal, 34 LPRA Ap. II R. 4.2, establece:

Regla 4.2. Derecho de la persona que padece alguna condición que le impida comunicarse efectivamente a comunicarse efectivamente con su abogado

El derecho de la persona sorda o que padece una condición que le impida comunicarse efectivamente a comunicarse con su abogado y a colaborar con su propia defensa se garantizará en todas las etapas del proceso criminal. Con el propósito de lograr este objetivo, el tribunal tomará medidas para que a la persona sorda o que padece una condición que le impida comunicarse efectivamente, a petición de la defensa, se le retiren las esposas y/o cualquier otro aparato que restrinja su capacidad de comunicarse mediante lenguaje de señas. El tribunal tomará aquellas medidas ulteriores que estime necesarias para garantizar la seguridad de los guardias penales, alguaciles, funcionarios del tribunal o cualquier público presente, sin lesionar otros derechos constitucionales y estatutarios ostentados por la persona sorda, o que padece una condición que le impida comunicarse efectivamente, denunciada, arrestada, imputada y/o acusada.

**-III-**

Según ya hemos señalado, el peticionario reclama que el foro primario se equivocó al no conceder su solicitud de desestimación, como también al negarse a reconsiderar tal determinación. En apoyo a su postura, al discutir el único error que señala arguye que las regrabaciones escuchadas de los procesos anteriores celebrados en su contra escuchadas por el foro primario durante la Vista Preliminar dejaban al descubierto que el peticionario tenía problemas de audición por lo que durante esas etapas se violentó su derecho a un debido proceso de ley. Esto último, ya que al no proveérsele un intérprete no se le ha colocado en posición de entender

plenamente el proceso que se ha seguido en su contra, ni tampoco ha podido cooperar con su defensa, pues no escucha.

Al resolver la solicitud de desestimación instada por el peticionario al amparo de la Regla 64(q) de Procedimiento Criminal, *supra,* el foro primario estableció que del expediente no surgía en ninguna de las etapas procesales celebradas, que Rivera Pérez o su representación legal hubieran solicitado acomodo razonable por su limitación auditiva. Inclusive, destacó que su abogado no había comunicado en momento alguno tener dificultad para comunicarse con su representado.

Es más, conforme fue señalado por el TPI, de la grabación escuchada apreció que ninguno de los funcionarios que intervino con Rivera Pérez advirtieran indicio alguno de su parte de sufrir problemas auditivos. De igual forma, tampoco su hija- quien le acompañó en las distintas etapas- advirtió sobre impedimento auditivo alguno. En consideración de todo ello, el foro primario justipreció que, en el caso, no fue sino hasta terminada la vista preliminar y habiéndose ya determinado causa probable que por primera vez Rivera Pérez levantó dicho reclamo. Es pues en dicho momento que, en cumplimiento con las Reglas de Procedimiento Criminal arriba citadas, adoptó las providencias necesarias, proveyéndole un amplificador de sonido y ordenándose lo mismo para los siguientes señalamientos.

Tal cual citamos, la Regla 4.1 de Procedimiento Criminal indica que una vez el tribunal advenga en conocimiento de la necesidad de un intérprete dicho foro realizará las gestiones necesarias para proveerlo. Estudiado el legajo, advertimos que de la *Transcripción Vista Preliminar Celebrada el 24 de septiembre de 2025,* surge que no es sino hasta que el tribunal se aprestaba a determinar causa probable que Rivera Pérez manifiesta **por primera vez durante ese día** no escuchar bien al Juez. Es entonces, al ser advertido de ello que el juzgador de hechos le preguntó al peticionario si necesitaba asistencia durante el acto de lectura de acusación

y el juicio, respondiéndole este que suponía que sí. Acto seguido, le inquirió si en algún momento le informó a su abogado, al alguacil o a la policía que no escuchaba, a lo que Rivera Pérez respondió en la negativa, sino que, sin que existiera una razón para ello, era esa la primera vez que alegaba que no escuchaba.[3] Entonces, y sin que el peticionario lo hubiera siquiera solicitado, ordenó que el sistema de amplificación FM estuviera disponible para él.

Al igual que le ocurrió al foro primario, no quedamos convencidos, de que **previo a la determinación de causa probable** existiera en el récord información para identificar la necesidad del peticionario de un intérprete. En contrario, el récord es claro. No fue hasta que el foro primario recibió la prueba y se aprestaba a emitir su fallo, que advino en conocimiento de los problemas de audición del peticionario. Inclusive, y como admitió el propio peticionario, esa era la primera vez que alegaba que no escuchaba.[4] Siendo ello así, fue en ese momento que se activaron las disposiciones de la Regla 4.1 de Procedimiento Criminal, *supra*, procediendo el foro recurrido a salvaguardar los procedimientos subsiguientes ordenando ahí mismo la disponibilidad del sistema de amplificación en beneficio del peticionario. Por consiguiente, el error señalado por Rivera Pérez no fue cometido.

-IV-

Por todo lo antes consignado, declaramos No Ha Lugar la solicitud de auxilio de jurisdicción y solicitud de paralización de los procedimientos. Asimismo, resolvemos expedir el auto solicitado y confirmar la decisión recurrida.

**Notifíquese inmediatamente.**

---

[3] Véase, págs. 22 a la 24 de la transcripción, SUMAC TA, Entrada Núm. 3.
[4] *Id.*, pág. 24.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones de la Ley